BEER, Judge.
These consolidated cases were tried in the 24th Judicial District Court on February 14th, 15th and 19th, 1974 and Judgment was rendered on March 1st, 1974. The District Judge has done an impressive job of outlining the factual and legal issues in his comprehensive Reasons for Judgment.
Plaintiff-appellants raise factual, legal and constitutional issues in their attack on *81 the incorporation of the Village of Jean Lafitte in the trial court as well as in this appeal, apparently making their principle thrust against the constitutionality of the enabling statute L.S.A. R.S. 33:52, which reads as follows:
“Whenever 25% of the electors residing in an unincorporated settlement owning 25% in value of the property composing it shall sign and present to the Governor a petition setting forth the metes and bounds of the unincorporated settlement, stating the number of inhabitants residing therein, and praying incorporation, he shall inquire into the facts involved. The petition shall have attached a certificate from the assessor of the parish wherein the settlement is located certifying as to the assessment in that parish of each of the owners signing the petition. The assessment shall be presumed to be the value of the property. Where there has been a change of ownership of property since the last assessment of it, the assessor shall certify the valuation of the present owner in accordance with the last assessment appearing on the rolls against the previous owner. In any case where the property of the present owner has not specifically been assessed, the assessor shall estimate the assessed value of the property for the current year and certify the same as the value of the property. A copy of the petition in full, including the names of the petitioners, shall have been published once each week during the period of 15 days in a newspaper having circulation in the parish wherein the settlement is located and a certified copy of the published copy together with the names of the newspaper and the dates on which the publishment was made shall be attached to the petition. If the Governor finds that there has been full compliance with these requirements and that the proposed municipality contains at least 150 inhabitants, he shall, by proclamation, define the limits and boundaries, fix the name, and declare the municipality incorporated effective 30 days subsequent to the date upon which he issues the proclamation. Any interested citizen residing in the municipality or any owner of property located therein may, within the 30 day period before the proclamation becomes effective, file suit in the district court having jurisdiction over the municipality to contest the proposed incorporation and the question shall be whether it it is reasonable and if there has been full compliance with the statutory requirements. If the incorporation is adjudged reasonable and it .is found that requirements have been satisfied, the incorporation shall be effective ten days after the judgment is rendered and signed unless a suspensive appeal therefrom has been taken within the time and manner provided by law. If the proposed incorporation is adjudged to be unreasonable or if it is found that all requisites have not been fulfilled, the proclamation shall be vacated and the proposed incorporation shall be denied and a petition to the Governor to incorporate the same municipality shall not be presented within one year thereafter. A similar right of appeal from the judgment of the district court vacating the proclamation and denying the incorporation shall be granted (to) any interested citizen or property owner in the municipality. As amended Acts 1964, No. 240, § 1.”
This statute, enacted by the legislature in 1964 has, in fact, been very recently amended in the 1974 regular legislative session by Act No. 286 of 1974 which states as follows:
“Incorporation of unincorporated settlements; vote of the electorate
Whenever twenty-five percent of the electors residing in an unincorporated settlement owning twenty-five percent in value of the property, less and except tax-exempt property, composing it shall sign and present to the governor a petition setting forth the metes and bounds of the unincorporated settlement, stating the number of inhabitants residing therein, and praying incorporation, he shall *82 inquire into the facts involved. The petition shall have attached a certificate from the assessor of the parish wherein the settlement is located certifying as to the assessment in that parish of each of the owners signing the petition. The assessment shall be presumed to be the value of the property. Where there has been a change of ownership of property since the last assessment of it, the assessor shall certify the valuation of the present owner in accordance with the last assessment appearing on the rolls against the previous owner. In any case where the property of the present owner has not specifically been assessed, the assessor shall estimate the assessed value of the property for the current year and certify the same as the value of the property. A copy of the petition in full, including the names of the petitioners, shall have been published once each week during the period of fifteen days in a newspaper having circulation in the parish wherein the settlement is located and a certified copy of the published copy together with the names of the newspaper and the dates on which the publishment was made shall be attached to the petition. If the governor finds that there has been full compliance with these requirements and that the proposed municipality contains at least one hundred fifty inhabitants, he shall call a special election, the costs of which shall be borne by the parish governing authority, within the area to be incorporated for the purpose of determining whether or not the community shall become a municipality. All qualified electors residing within the area to be incorporated shall be entitled to vote thereon. If a majority of those voting cast their vote in favor of incorporation, then the area shall become incorporated. If the majority vote is against incorporation, then another election for said purpose may not again be called within two years.
Section 2. Section 52.1 of Title 33 of the Louisiana Revised Statutes of 1950 is hereby enacted to read as follows:
§ 52.1 Proclamation by governor; appeal Provided there has been a majority vote of the qualified voters within the area incorporating, then the governor by proclamation shall define the limits and boundaries, fix the name, and declare the municipality incorporated effective thirty days subsequent to the date upon which he issues the proclamation. Any interested citizen residing in the municipality or any owner of property located therein may, within the thirty-day period before the proclamation becomes effective, file suit in the district court having jurisdiction over the municipality to contest the proposed incorporation and the question shall be whether it is reasonable and if there has been full compliance with the statutory requirements. If the incorporation is adjudged reasonable and it is found that requirements have been satisfied, the incorporation shall become effective ten days after the judgment is rendered and signed unless a suspensive appeal therefrom has been taken within the time and manner provided by law. If the proposed incorporation is adjudged to be unreasonable or if it is found that all requisites have not been fulfilled, the proclamation shall be vacated and the proposed incorporation shall be denied and a petition to the governor to incorporate the same municipality shall not be presented within one year thereafter. A similar right of appeal from the judgment of the district court vacating the proclamation and denying the incorporation shall be granted to any interested citizen or property owner in the municipality.
Section 3. Notwithstanding anything contained herein to the contrary, the provisions of this Act shall not apply to any area in which the governor has signed or issued the proclamation required by laws of this state prior to the effective date of this act.
Section 4. The effective date of this act shall be midnight of December 31, 1974. *83 Section 5. All laws or parts of laws in conflict herewith are hereby repealed.
Approved July 12, 1974.
Effective December 31, 1974.”
Indeed, this amendment which becomes effective December 31st, 1974 will do much to redress the possible constitutional wrongs that may have been committed at the time of the passage and promulgation of the original statute in 1964. Coincidently, it is with respect to the very issue which is corrected by the 1974 amendment that we have the greatest difficulty finding in favor of constitutionality; even taking into account the strong presumptions of the law in favor of upholding legislative proclamations, Ward v. Leche, 189 La. 113, 179 So. 52 (1938), Everhardt v. City of New Orleans, 253 La. 285, 217 So.2d 400 (1968).
Traditionally, a legislative body may (and very often does) delegate its authority in appropriate areas. When it does, it must provide guidelines sufficiently clear to guarantee that the legislative will is followed, State v. Aicklin, 167 La. 456, 119 So. 425 (1928). Nor can such delegation be “unreasonable” within the generally accepted use of that often difficult to define word. In this instance, the legislature has, through L.S.A. R.S. 33:52, delegated the actual power to incorporate the Village of Jean Lafitte to twenty five percent of the voters within the geographical confines of the proposed village. Whether this substantially less than majority percentage constitutes an unreasonable delegation of authority has caused us much concern.
Compounding our dilemma is the fact—clearly shown in the record (and apparently conceded by plaintiff-appellants) —that over fifty percent of the voters within the geographical confines of the proposed village are, indeed, in favor of incorporation. Thus, the provision that is set forth in the amended statute (which goes into effect on December 31st, 1974) regarding majority vote requirements, would have been met if that now amended requirement had been in the original statute. Regardless of this, our judicial duty would require us to invalidate L.S.A. R.S. 33:52 if it was patently unconstitutional when it was applied. We think that it would have been but for the saving proviso to the effect that any interested citizen had the right to contest the proposed incorporation on two grounds:
1) Full compliance with the statutory requirements; and
2) Reasonableness.
We feel that the statutory provision which enabled the District Court to make the reasonableness inquiry saves the statute from the steep drop into unconstitutional oblivion. Otherwise, the twenty five percent proviso is clearly in due process trouble. This would not be so if the twenty five percent requirement merely set into motion a process whereby a majority of the voters affected by the incorporation would have a voice in the final mandate. Indeed, far less than twenty five percent might be constitutionally authorized to set the incorporation process in motion, but the actual incorporation should not proceed to constitutional fruition until a majority has spoken. The basic principle of our democratic process is that to become the act of the people, a proposition must be adopted by majority vote; that is, direct approval must be registered by more than half of those voicing their position on the matter. For the legislature to delegate the unqualified ability to incorporate to twenty five percent of the affected villagers simply on the proof that certain clerical requirements have been met would be an unconstitutional deprivation of due process. Yet the additional proviso setting up a procedure for judicial review into the question of reasonableness acts, in this instance, as a constitutional life preserver.
Furthermore, the undisputed facts show that a majority of the proposed villagers *84 favor incorporation, notwithstanding the fact that the present enabling statute requires only twenty five percent approval.
Thus, under the particular limited factual circumstances existent here, we do find that L.S.A.-R.S. 33 :52 is a valid and constitutional act of the Legislature of Louisiana.
In this same general area of consideration we now turn to that part of the proceeding in the Trial Court in which the esteemed Trial Judge dealt with the issue of reasonableness. In his Reasons for Judgment, the Trial Judge states that the Court “listened to as much evidence as it felt it had to hear in order to determine that there was reasonableness in the petition signed by these taxpayers” (p. 16, Reasons for Judgment). As we review the testimony and exhibits, we cannot conclude that the Trial Judge abused the wide latitude of discretion which he possesses in giving judicious consideration to the constitutional issue of reasonableness. We are indebted to him for his painstaking and articulate review of the areas of consideration upon which he ultimately based his findings. We hold that the finding of reasonableness, though open to serious questioning, was not an abuse of discretion.
Having reached the conclusions stated above on the constitutional and related issues, we turn to a consideration of the assessment tabulation issues which are material to the complete resolution of this litigation.
The assessments within the geographical definition of the proposed village were certified by the parish assessor to be $300,341.00. On that basis, according to L.S.A. R.S. 33:52, the incorporation proposal required support by owners of property with property assessment valuations of $75,085.25.
The Trial Judge increased the total assessment figure by $38,750.00—-the assessed value of property on the assessors “exempt rolls”. On that basis, the total assessment figure was raised to $339,091.00 and the statutory requirement became an amount in excess of $84,772.75. Other minor adjustments were made during the trial which finally resulted in a conclusion on the part of the Trial Judge that the proper total assessment figure to be considered in applying the statutory provisions was $329,428.50; twenty five percent of which was $82,357.12.
We find no manifest error in the Trial Court’s method of computation, nor in the final determination that, insofar as the assessment issue is concerned, the incorpora-tors have fulfilled the statutory burdens existent at the time of petitioning for incorporation.
Having reached the conclusion noted above, little purpose would be served by a detailed consideration of each step in the process.
Insofar as the statutory requirements concerning publication are concerned, we accept and adopt the reasoning of the Trial Judge to the effect:
“This Court is of the opinion that the requirement of the publication of a copy of the petition in full does not mean that the assessments have to be published. This is analogous to the filing of a lawsuit wherein certain documents must be attached. It is not necessary that the defendants in the law suit be served with copies of the attached documents. It suffices that they are made of public record so that interested parties can examine them. I take this to be the meaning and spirit of R.S. 33 :52.”
The Judgment of the District Court is affirmed; costs of this appeal to be paid jointly by appellants in the consolidated cases.
Affirmed.